UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 10866 GAO**

-------------------------------------------------------x

JANETT GOMEZ,

                    CIVIL ACTION NO.:

        Plaintiff,

                    MAGISTRATE JUDGE Bowler

  v.

THE METROPOLITAN
LIFE INSURANCE COMPANY,     COMPLAINT

        Defendant.

-------------------------------------------------------x

RECEIPT # 55621
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. F.O.M
DATE 4-30-04

      Plaintiff, JANETT GOMEZ, by her attorney, STEPHEN L. RAYMOND, ESQ., as and for her Complaint against the defendant, THE METROPOLITAN LIFE INSURANCE COMPANY (hereinafter, "MET LIFE"), alleges as follows:

## JURISDICTION AND VENUE

      1.    Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which for purposes of the instant case, grants to participants Short Term Disability ("STD") Insurance benefits. MET LIFE insures the benefits provided through Plaintiff's employer's Short Term Disability Plan. In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

      2.    The STD Plan contains provisions for administrative or internal appeal of a denial of benefits. Plaintiff has exhausted her remedies under these provisions, has received a final denial of her claim and, therefore, this matter is properly before this court for <u>de novo</u> review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3.     Plaintiff, Ms. Gomez, is a resident of Methuen, Massachusetts.

4.     Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.

### NATURE OF ACTION

5.     Plaintiff's claim seeks a declaration that Plaintiff is entitled to disability income benefits pursuant to an employee benefit plan providing for short term disability benefits, sponsored and administered by Plaintiff's employer, Sanmina and insured by Defendant MET LIFE under Plan No. 0103212. As Plaintiff's claim arises under an employee benefit plan, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to this action. Said benefits were effective at all times relevant hereto.

### THE PARTIES

6.     Plaintiff, Ms. Gomez is a 33 year-old woman who was born on May 29, 1970.

7.     Defendant, MET LIFE, is a business entity, on information and belief, authorized to conduct the business of insurance within the Commonwealth of Massachusetts. MET LIFE is the insurer of STD benefits under the terms of an "employee benefit plan" (the "Plan") as defined by ERISA. MET LIFE is a fiduciary with respect to claims under the terms of the Plan. MET LIFE administers claims under the subject Sanmina-SCI Short Term Disability Plan to some extent.

## **STATEMENT OF FACTS**

8. Prior to, and including October 24, 2002, Plaintiff was employed by Sanmina-SCI as a Dry Film Operator .

9. For a period up to and including October 24, 2002, Plaintiff, together with other active full time employees, was covered as a participant under the Sanmina-SCI Short Term Disability Plan sponsored, funded, and administered by Plaintiff's employer and insured by defendant, MET LIFE. The Plan provides for payment of monthly income benefits to participants who become Totally Disabled. Payments under the Plan begin after a brief "elimination period." The weekly benefit is determined based on a set percentage of pre-disability earnings.

10. The STD Plan defines "Disabled" and "Disability" as follows:

   due to sickness, pregnancy or accidental injury, you:

   1. are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and

   2. are unable to earn more than 80% of your Predisability Earnings at your Own Occupation for any employer in your Local Economy.

11. Plaintiff ceased work beyond October 24, 2002, as a result of multiple symptoms she experienced which prevented her from performing the duties of her own occupation for any employer such that she was unable to earn more than 80% of her predisability earninings. Ms. Gomez had been diagnosed with anxiety and depression and received continuing treatment for these conditions.

12. Subsequent to her disability onset in 2002, Plaintiff applied for Short Term Disability benefits under the STD Plan by submitting a completed claim, including her Attending

Physician's Statement, to Defendant.

13. After reviewing Plaintiff's initial claim, MET LIFE informed the plaintiff, through a letter dated October 28, 2002, that Short Term Disability benefits would be paid from November 1, 2002, through November 15, 2002, and that benefits beyond this point had been denied, stating: "the available information does not support that you were receiving appropriate care and treatment from a doctor on a continuing basis."

14. Plaintiff satisfied the Plan's requirements, was determined "Disabled," and was accordingly paid benefits for the period from November 1, 2002, through November 15, 2002.

15. After Plaintiff filed a timely appeal, MET LIFE upheld its prevous denial by letter dated July 8, 2003.

16. By letters dated November 11, 2003, and January 5, 2004, counsel for Plaintiff requested a copy of the entire claim file from MET LIFE, together with the Plan's "Summary Plan Description" ("SPD"), insurance policy or insurance certificate.

17. On January 15, 2004, MET LIFE forwarded some document noting that the "information you requested is enclosed." The documents were not a complete copy of the claim file, nor were they a complete copy of all documents pertinent to the denial of Plaintiff's claim. For example, the mailing excluded the opinion of MET LIFE's reviewing physician, Dr. Lipstitch, which was specifically relied upon in the denial. No SPD or other plan document was forwarded.

18. ERISA mandates, in relevant part:

> [E]very employee benefit plan shall–
>
> \*      \*      \*
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim.

ERISA § 503(2); 29 U.S.C. § 1133(2).

19. The regulations, promulgated to ensure the protections afforded by ERISA § 503 to participants of employee benefit plans, further provide that every plan's benefit denial review procedure provide for a review of pertinent documents by the participant. *See* 29 CFR § 2560.503-1(g)(1)(ii).

20. Plaintiff has remained Disabled in accordance with the terms and conditions of the STD Plan, from October 25, 2002.

## AS AND FOR PLAINTIFF'S CLAIM: FOR LONG TERM DISABILITY BENEFITS

21. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 20, *supra*, as if fully set forth at length.

22. Fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

23. Plaintiff has not been provided with a full and fair review of her claim for benefits under the terms and conditions of the Plan, and in accordance with the provisions of ERISA.

24. The Short Term Disability claim decisions rendered in the instant action have

been made by defendant, MET LIFE, the insurer of benefits under the terms of the Plan, which as such, cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus acts under a conflict of interest.

25. Fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

26. DEFENDANT'S decisions were not supported by the medical evidence and moreover, did not correctly apply the language of the Plan.

27. DEFENDANT'S decisions in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence submitted during the review stages of Plaintiff's claim.

28. Plaintiff is disabled within the terms of the subject STD Plan. Plaintiff is entitled to the receipt of weekly Short Term Disability benefits pertaining to her disability from (and including) November 16, 2002, and continuing for the time allowed under the STD Plan.

**WHEREFORE,** Plaintiff prays for the following relief:

A. That the Court determine and then declare that under the terms of the Plan, that the Plaintiff's total disability continued from (and included) October 25, 2002, within the term of coverage, and that she was and continued to be disabled within the Plan's provisions.

B. That after making such a determination, the Court ORDER the DEFENDANT to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said Plan (from November 16, 2002, and continuing).

C. That the Court remand this matter to the Plan Administrator for any future handling with appropriate instructions.

D. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

E. That the Court award Plaintiff such further, necessary, or proper relief as it deems just and equitable in the circumstances.

Dated:  Haverhill, MA
April 26, 2004

            PLAINTIFF
            By her attorney,

            LAW OFFICE OF
            STEPHEN L. RAYMOND, ESQ.

By: _____
Stephen L. Raymond
3 Washington Square, Ste. 206
Haverhill, MA 01830
(978) 372-6590
BBO #567753