UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04-10866-GAO

JANETT GOMEZ              )
    Plaintiff,            )
                          )
V.                        )
                          )
                          )
METROPOLITAN LIFE         )
INSURANCE COMPANY         )
    Defendant.            )

## ANSWER

The defendant Metropolitan Life Insurance Company ("MetLife") hereby answers the numbered paragraphs of the complaint as follows.

1. The defendant admits that it insures the benefits provided through Plaintiff's employer's Short Term Disability Plan. The remaining allegations of paragraph 1 of the complaint state conclusions of law as to which no response is required.

2. The defendant admits that the STD Plan contains provisions for administrative or internal appeal of a denial of benefits. The remaining allegations of paragraph 2 of the complaint state conclusions of law as to which no response is required.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. Paragraph 4 of the complaint states conclusions of law as to which no response is required.

5. The defendant admits that the first sentence of paragraph 5 of the complaint describes the declaration that plaintiff seeks, but denies that plaintiff is entitled to such a declaration. The remainder of paragraph 5 of the complaint states conclusions of law as to which no response is required.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the complaint.

7. The defendant admits that it is a business entity authorized to conduct the business of insurance within the Commonwealth of Massachusetts, that it is the insurer of STD benefits under the terms of an employee benefit plan as defined by ERISA, and that it administers claims under the Short Term Disability Plan of the plaintiff's employer. The remaining allegations of paragraph 7 of the complaint state conclusions of law as to which no response is required.

8. The defendant admits that the plaintiff was employed by Sanmina-SCI prior to and on October 24, 2002, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9.   The defendant admits that, for a period up to and including October 24, 2002, the plaintiff was a participant in the Sanmina-SCI short term disability plan sponsored and funded by plaintiff's employer and insured by MetLife.  The defendant denies the remaining allegations of paragraph 9 of the complaint in that, taken out of context without reference to other Plan provisions, the allegations concerning Plan provisions do not fully and accurately describe provisions of the Plan.

10.  The defendant admits that the allegations contained in paragraph 10 of the complaint accurately reflect a portion of the provisions of the STD Plan, but because it reflects just a portion of the STD plan, defendant denies this allegation and refers to the STD plan for the terms thereof.

11.  The defendant admits that the plaintiff stopped working beyond October 24, 2002, and that she described symptoms of depression and anxiety, is without knowledge or information sufficient to form a belief as to whether she has received continuing treatment for anxiety and depression, and otherwise denies the allegations contained in paragraph 11 of the complaint.

12.  The defendant admits that the plaintiff applied for short term disability benefits under the STD Plan by submitting an application to defendant, and otherwise denies the allegations contained in paragraph 12 of the complaint.

13. The defendant admits that after reviewing plaintiff's initial claim it informed the plaintiff, on October 28, 2002, that short term disability benefits would be paid to the plaintiff's next office visit on November 7, 2002, and denies the remaining allegations contained in paragraph 13 of the complaint.

14. The defendant admits that the plaintiff was approved for benefits under the STD plan until November 15, 2002, and otherwise denies the allegations contained in paragraph 14 of the complaint.

15. The defendant admits the allegations contained in paragraph 15 of the complaint.

16. The defendant admits the allegations contained in paragraph 16 of the complaint.

17. The defendant admits that on January 15, 2004, it forwarded documents requested by the plaintiff's counsel to her counsel and otherwise denies the allegations contained in paragraph 17 of the complaint.

18. Paragraph 18 of the complaint states conclusions of law as to which no response is required.

19. Paragraph 19 of the complaint states conclusions of law as to which no response is required.

20. The defendant denies the allegations contained in paragraph 20 of the complaint.

21. In response to paragraph 21 of the complaint the defendant reasserts its responses to the paragraphs referred to and incorporated therein.

22. Paragraph 22 of the complaint states conclusions of law as to which no response is required.

23. The defendant denies the allegations contained in paragraph 23 of the complaint.

24. The defendant denies the allegations contained in paragraph 24 of the complaint.

25. Paragraph 25 of the complaint states conclusions of law as to which no response is required.

26. The defendant denies the allegations contained in paragraph 26 of the complaint.

27. The defendant denies the allegations contained in paragraph 27 of the complaint.

28. The defendant denies the allegations contained in paragraph 28 of the complaint.

### **AFFIRMATIVE DEFENSES**

#### First Affirmative Defense

Plaintiff's Complaint seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, which provides the exclusive remedies

for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

### Second Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

To the extent (and without admitting that) Plaintiff is entitled to recover any benefits under the Plan at issue, such recovery is subject to setoffs under the terms of the Plan.

### Fourth Affirmative Defense

To the extent (and without admitting that) Plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that Plaintiff has an entitlement to unlimited future benefits given, *inter alia*, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

### Fifth Affirmative Defense

The determinations by MetLife regarding Plaintiff's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by Plaintiff and

comprising the claim file, and were made in good faith, in accordance with the terms of the Plan and applicable law.

### Sixth Affirmative Defense

All determinations made by MetLife with respect to Plaintiff's claim for benefits were made in the interest of all plan participants and beneficiaries and in accordance with the terms and conditions of the plan documents.

### Seventh Affirmative Defense

The complaint, in whole or in part, is barred by the applicable statutes of limitations.

METROPOLITAN LIFE INSURANCE COMPANY
By its attorneys,

*/s/ James F. K*
James F. Kavanaugh, Jr. BBO # 262360
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200

Dated: July 26, 2004

204051.1

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on July 26, 2004.

*/s/ James F. K*

7